

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2008

# McCann v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3804

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"McCann v. Comm Social Security" (2008). *2008 Decisions*. Paper 535.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/535

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3804

JOHN MCCANN,

Appellant

v.

MICHAEL J. ASTRUE,
COMMISSIONER, U.S. SOCIAL
SECURITY ADMINISTRATION
AGENCY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 05-cv-00962)
District Judge: The Honorable John P. Fullam

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2008

Before: MCKEE, SMITH,
*and* WEIS, *Circuit Judges*

(Filed: 16 September 2008)

OPINION

SMITH, *Circuit Judge*.

John McCann, a white male, began his career with the Social Security

Administration (SSA) in 1983 as a GS-14. Over the next twenty-three years, McCann

filled approximately nine GS-14 positions with the SSA. Beginning in 1988, he applied

for at least thirteen promotions to GS-15 positions with the SSA in Philadelphia,

Baltimore, New York, and Boston. None of his applications resulted in a promotion,[1] and

in August of 2000 McCann filed an EEO complaint alleging that he was not selected for

the GS-15 position of Area I Director in Philadelphia because of his race, sex and veteran

status. He also alleged a past pattern of discrimination. In February of 2001, McCann

amended his complaint to allege that his non-selection for the GS-15 position of Deputy

Regional Commissioner for Management Operations Support ("DARC-MOS") was in

retaliation for filing the EEO complaint against the Agency. McCann did not file an EEO

complaint as to any of the other GS-15 positions for which he was previously not

---

[1] The SSA maintains that these positions were filled competitively under Merit System Protection rules. The record indicates that vacant positions are posted with the qualifications and requirements of the position, along with the deadline for applications. Timely applications are then reviewed by Human Relations Specialists (HR Specialists). HR Specialists then apply the Office of Personnel Management's Qualifications Standards to determine which applicants are minimally qualified for the position at issue. After scoring the applications, they prepare a Best Qualified List that is forwarded to the selecting official. Any candidate on the List may be selected for the position. It is then within the discretion of the selecting official to interview any or all of the candidates. The selecting official may ask the recommending official or a selection panel to review the applications, conduct interviews, and make recommendations. The selecting official makes the final decision to select a candidate. If an unsuccessful candidate believes that his non-selection was based on non-merit factors like favoritism, political affiliation, etc., he may file a complaint with the Merit Systems Protection Board. An unsuccessful candidate who believes his non-selection was based on legally impermissible factors such as race, sex, religion, etc., may initiate the EEO process within 45 days of learning of the non-selection.

selected. The Equal Employment Opportunity Commission (EEOC) issued a Right to Sue notice on December 2, 2004, and McCann filed a complaint against the SSA in the Eastern District of Pennsylvania in May of 2005. The District Court granted summary judgment in favor of the SSA on August 21, 2007. McCann timely appealed from that decision.[2]

McCann seeks to recover for race discrimination and retaliation on the theories that, "[f]rom 1983 to 2005, Defendant engaged in a continuous course of conduct or racial discrimination against [him]" and that in retaliation for his complaints "Defendant continued and intensified the discrimination and harassment" and "denied additional promotions to [him]." The District Court correctly determined that McCann can recover only for the two claims of failure to promote that he presented to the EEOC, because he failed to exhaust his administrative remedies with respect to the other previous instances of non-selection.

EEOC regulation requires federal employees to initiate the EEO process within 45 days of the alleged unlawful act. As such, it is clearly too late for McCann to invoke the EEO process for any former instance of alleged discrimination and retaliation arising out of a failure to promote. Because the exhaustion requirement is a non-jurisdictional prerequisite, however, McCann attempts to employ the continuing violation doctrine to permit him to aggregate the acts between 1983 and 2005 and allow recovery on that basis.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

That doctrine, however, only applies when the alleged discriminatory acts are not individually actionable, but when aggregated may make out a hostile work environment claim. The law makes clear that discrete discriminatory acts that are actionable on their own may not be aggregated under a continuing violation theory.[3] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act."). The Supreme Court has made clear that an instance of failure to promote is a discrete act that is individually actionable. *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114). As such, we examine only the two claims of failure to promote that were timely presented to the EEO Office.

McCann claims that the reason he was not promoted to the GS-15 Area I Director position was because he is white. We are satisfied that McCann established a prima facie case of disparate treatment on the basis of race. In cases of "reverse discrimination," all that is required to establish a prima facie case "is for the plaintiff to present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999). Here, McCann was not selected for the

---

[3] They may, however, be used as background evidence to support timely claims. We are also satisfied that McCann has not otherwise established a prima facie case of hostile work environment.

position and it was filled by an African-American male. Further, according to McCann, Larry Massanari, the decisionmaker, told McCann that given his extensive experience and high performance, were he anything other than a white male, he would have been promoted long ago. While "[s]tray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision," *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992), this comment is still relevant evidence that the employer is treating some people less favorably than others based upon race. The record also includes testimony from Ronald Roseman, a field office manager with hiring and firing responsibilities, that the SSA makes an exception to the normal merit system selection practice for individuals who are on an "outstanding scholar" list. Roseman testified that he, and others with hiring capacity, were told that if they were going to use the outstanding scholar program, it could only be used to hire black candidates. On one occasion, Roseman wanted to hire a white candidate from the list, and was told that he could not select her; he further testified that a fellow field director was also told he could not select a white male he had wanted to hire. *See Brown v. Muhlenberg Twp.*, 269 F.3d 205, 212 n.5 (3d Cir. 2001) (allowing the court to consider sworn testimony as the equivalent of an affidavit). *See also id.* (citing *Williams v. Borough of West Chester Pa.*, 891 F.2d 458 (3d Cir. 1989) (holding, on the authority of *Celotex v. Catrett*, 477 U.S. 317 (1986), that "hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct

5

testimony, i.e., 'in a form that would be admissible at trial.'") (citation omitted)).

Accordingly, we hold that the District Court erred in ruling that McCann failed to establish a prima facie case of illegal race discrimination under Title VII.

At this point, the burden shifts to the SSA to articulate some legitimate, non-discriminatory reason for its failure to promote McCann to the Area I Director position. *See id.* at 157. The record demonstrates that the SSA has fully satisfied this burden. The SSA asserts that it did not hire McCann because he lacked leadership skills and frequently exhibited poor judgment. In addition, McCann recently had applied and been interviewed for the Area II Director position and the panel that interviewed him reported that he had performed very poorly. They indicated that he was "arrogant, cynical and completely unprepared." Not only did the interview panel not recommend McCann for further consideration, they ranked him among the lowest of all the applicants. Another white male was ultimately recommended and selected for that position. Further, not one of the senior managers recommended McCann for the Area I Director job. The record demonstrates that the candidate who was ultimately chosen as the Area I Director was selected, in part, because of his outstanding leadership ability. As such, we are well-satisfied that the SSA has articulated a legitimate, non-discriminatory reason for McCann's non-selection.

To defeat summary judgment, McCann must point to "'*some evidence*, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory

6

reason was more likely than not a motivating or determinative cause of the employer's action.'" *Iadimarco*, 190 F.3d at 166 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (emphasis added)). We conclude that McCann has failed to meet this burden, and agree with the District Court that the SSA is entitled to judgment on this claim as a matter of law. The stray remark by Massanari used to support the prima facie case is not sufficient to defeat summary judgment. In addition, McCann does not allege any racial bias on the part of the other senior managers involved in the selection process who, the record reflects, shared Massanari's opinion of McCann. McCann also does not dispute any specific example of demonstrated lack of leadership that Massanari has proffered. On this evidentiary record, no fact finder could reasonably conclude that SSA's reasons for not promoting McCann are pretextual.

McCann also alleges that his non-selection for the GS-15 DARC-MOS position was in retaliation for filing the EEO complaint against the SSA. The record evinces no evidence whatsoever to establish a causal link between his protected activity of filing an EEO complaint on August 29, 2000, and his January 23, 2001 non-selection. This Court has made clear that the mere fact that an adverse employment action occurs after a plaintiff engages in protected activity is insufficient to establish a causal link. *See Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) ("'Even if timing alone could ever be sufficient to establish a causal link, . . . the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link will be inferred.'") (citation omitted). Here, the alleged retaliatory act occurred five months after

7

McCann filed his EEO complaint. Without more, we conclude that McCann has failed to adduce evidence sufficient to make a prima facie case of retaliation.

Accordingly, we will affirm the District Court's grant of summary judgment in favor of the Appellees.